HORACE W. FOX ET AL. APPEAL FROM BUILDING LINE ASSESSMENT.

First Judicial District, Hartford, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city charter permitted appeals from certain assessments within ten days "after public notice" thereof had been given, and provided that they should be made returnable on the day three weeks subsequent to the day on which "public notice" had been given. A duly authorized ordinance provided that public notice should be given by publishing the certificate of appraisal of benefits and damages at least twice in all the daily newspapers of the city. *Held* that in the interest of property owners and for purposes of an appeal, the date of "public notice" was not to be limited to the single day of the latest publication, but extended to any one of the several days on which the certificate was in fact published in compliance with the ordinance.

Argued May 2d—decided May 22d, 1900.

APPEAL from an assessment of benefits and damages on account of the establishment of a building line in the city of Hartford, taken to the *Hon. William S. Case,* judge of the Court of Common Pleas for Hartford County, and heard by him upon the appellants' demurrer to a plea in abatement filed by the city; the judge sustained the plea and dismissed the appeal, and the appellants appealed to this court for alleged error in the ruling of the judge. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Joseph L. Barbour*, for the appellants.

*Frank L. Hungerford*, for the appellee (the city of Hartford).

HALL, J. A Special Act passed in 1873 amending the charter of the city of Hartford (7 Special Laws, p. 527), provides for an appeal to the judge of the Court of Common Pleas for that county, from an appraisal of damages or assessment of benefits made by the board of street commissioners, to be taken "within ten days after public notice shall be given of such appraisal or assessment," and made " returnable before said judge at two o'clock in the afternoon on the day three weeks subsequent to the day on which public notice of said appraisal shall have been given."

A city ordinance, passed in pursuance of a provision of the charter requiring the court of common council to enact ordinances containing suitable provision for giving notice of such appraisals and assessments (6 Special Laws, p. 315), directed the city clerk to publish the certificate of such appraisals of benefits and damages furnished to him by the board of street commissioners, " at least twice in all the daily newspapers in the city of Hartford," at least four days before the same should be acted upon by the court of common council, and provided that the original certificate should be lodged on file in the city clerk's office, and that the appraisal unless appealed from should become binding and conclusive upon all parties if the court of common council should order the improvement to be made.

In the case before us it is alleged in the appeal to the judge of the Court of Common Pleas from an assessment of benefits and appraisal of damages upon the establishment of a new building line, taken on the 28th of February, 1899, and made returnable on the 11th of March, that public notice of such appraisal was given on the 18th of February, 1899, by filing the same with the city clerk and by publishing it in the *Hartford Post*.

A plea in abatement, alleging that notice of the appraisal

was published as required by law, on the 18th, 20th and 21st of February, and that the appeal should have been made returnable before said judge three weeks from the 21st of February, namely, on March 14th instead of March 11th, was sustained by the judge of the Court of Common Pleas upon demurrer, and the appeal dismissed.

The appellee, in support of the plea in abatement, claims that the words "public notice," as used in the charter in fixing the time when such an appeal could be taken and made returnable, do not mean a single publication of the certificate of appraisal in any of the daily newspapers, but all of such publications which were ordered to be made; and that "public notice," within the correct meaning of the term, was not given until it was completed by the last publication of the certificate of appraisal on the 21st of February.

The appellants on the other hand contend that if public notice was given on the 21st it was also given on the 18th, the day of the first publication in the *Hartford Post*.

There does not appear to be any good reason for requiring persons desiring to appeal from such appraisals or assessments to wait before taking an appeal until the day of the latest publication of the certificate of appraisal, nor why such appeals, when taken, should only be made returnable on the day three weeks subsequent to such last publication. The appeal is from the appraisal or assessment made by the board of street commissioners, which is complete upon the filing of their certificate with the city clerk, and of which the publication of the certificate forms no part. The fact that the appraisal does not become "binding and conclusive" upon the day of the first publication, does not affect the right of appeal. It does not become "binding and conclusive upon the parties" by the last publication, even if no appeal is taken, nor does it become so until the common council orders the improvement in question to be made.

Again, since the ordinance providing for the publication of notice does not require it to be made on consecutive days in any paper, nor upon the same days in all the papers, and does not limit the number of publications to two, it might become

not only inconvenient but extremely difficult for one to determine when he might appeal or on what day he should make his appeal returnable, if he were required to ascertain the latest day of publication of the appraisal in any of the several daily papers. In this case the second publication in the *Post* was probably on the 20th and in the other papers on the 21st, so that if the appellee's claim should be upheld, one taking such an appeal could, safely, neither make it returnable three weeks subsequent to the date of the only publication of the appraisal which he observed, since that might not be the second publication, nor three weeks subsequent to the date of the second publication in the one paper which he might read, since the second publication in another paper might—as seems to have been the fact in this case—be on a later day, nor even three weeks subsequent to the latest second publication after he had learned that it had been published twice in all the papers, since more than two publications might have been ordered.

A construction which would make so uncertain the time when an appeal could be taken or made returnable, and so difficult of ascertainment by the persons who by the Act of 1873 are entitled to an appeal from such appraisals, would render the provision fixing such time an unreasonable one. It would tend to defeat rather than subserve the purpose of the amendment of the charter in 1873, that of allowing appeals from such appraisals to a judge of the Court of Common Pleas, by preventing, instead of permitting, the taking of such appeals.

The purpose of requiring the appraisal to be published at least twice in every daily paper, was to give one notice to every party in interest. It was not intended that each person should receive the same notice twice nor that he should receive it from several different papers. One who has read a single publication of the appraisal in any one of the daily papers, ought not, to enable him to appeal, to be compelled to look for other notices, which will furnish him no further information, nor to delay his appeal until he has ascertained that the city has performed its duty by completing the notice prescribed by the ordinance.

The time when an appeal may be taken and made returnable is, however, made by the Act of 1873 to date from "the day on which public notice of said appraisal shall have been given," and not the day on which it was actually received. As the publication is made for the benefit of the property owners, and made on more than one day, any one of such persons, whether he has read any of the notices on the day of its publication or not, should be permitted for the purposes of an appeal to adopt any one of the several days on which he learns that the certificate of appraisal was in fact published in compliance with the ordinance, as the day on which public notice was given. The appeal in this case was properly made returnable on March 11th.

The judgment dismissing the appeal was erroneous and is reversed.

In this opinion the other judges concurred.